William T. Reid IV (WR-2702)
Rachel S. Fleishman (RF-5080)
Gregory S. Schwegmann (GS-1639)
REID COLLINS & TSAI LLP
30 Wall Street
New York, New York 10005
Tel: 212.344.5200
Fax: 212.344.5299

Blair C. Fensterstock (BF-2020)
FENSTERSTOCK & PARTNERS LLP
30 Wall Street, 9th Floor
New York, New York 10005
Tel: 212.785.4100
Fax: 212.785.4040

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE REPUBLIC OF COLOMBIA, *et al.*, | x : |
| *Plaintiffs*, | : : Civ. No. 04-CV-4372 NGG-VVP |
| -against- | : : |
| DIAGEO NORTH AMERICA INC., *et al.*, | : : |
| *Defendants*. | : X |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
## DISMISS CLAIMS VOLUNTARILY PURSUANT TO FED. R. CIV. P. 41(a)(2)

This Court, in its Memorandum Opinion and Order of June 19, 2007 (the "2007 Opinion"), held the claims of any plaintiffs that do not exercise their right to a liquor monopoly "are dismissed." *Republic of Colombia v. Diageo North Am. Inc.*, 531 F. Supp. 2d 365, 399 n.11 (E.D.N.Y. 2007) [hereinafter "*Columbia*"].[1] Having determined that the Republic of Colombia, the

---

[1] "Defendants argue that the Republic of Colombia, the Bogota Capital District, and those Departments that do not exercise their right to a liquor monopoly suffer no competitive harm. To the extent these Plaintiffs suffer no injury in their commercial capacity – as defined in the revenue rule section of this opinion – these Plaintiffs' claims are barred by the revenue rule and, as a result, are dismissed." *Columbia*, 531 F. Supp. 2d at 399 n.11.

1

Bogota Capital District, and the Departments of Amazonas, Arauca, Cordoba, Guaviare, Norte de Santander, Putumayo, Risaralda, San Andres y Providencia, Sucre, and Vichada (collectively the "Withdrawing Plaintiffs") do not exercise their monopoly right to produce or sell liquor, and therefore suffer no competitive harm as defined by the 2007 Order, the Withdrawing Plaintiffs respectfully seek to withdraw their claims voluntarily and without prejudice, in compliance with this Court's ruling and pursuant to Fed. R. Civ. P. 41(a)(2).

The request that the withdrawal of claims be permitted "without prejudice" is made for a specific, and limited, reason. The discretionary "revenue rule" is the sole legal grounds upon which the Withdrawing Plaintiffs were found not to have claims for compensable injuries; however, the revenue rule can be waived by the Executive Branch of the United States Government. If, and only if, the revenue rule is waived with respect to this case, the Withdrawing Plaintiffs might seek to revive their claims in this lawsuit. An appropriate mechanism, procedurally, to determine whether the United States Government will waive the revenue rule in a particular case is for the United States District Judge before whom a case is pending to send an inquiry to the U.S. Department of State asking it to express its views to the Court. Therefore, the Withdrawing Plaintiffs, and the plaintiffs who are remaining in the action (whose damage claims would be substantially increased by a waiver of the revenue rule), respectfully request that the Court ask the U.S. Department of State to submit its views, pursuant to 28 U.S.C. § 517, regarding the application of the revenue rule in this case. In the alternative to granting dismissal "without prejudice," and in the event the Court grants the request to send an inquiry to the U.S. Department of State, plaintiffs request that the Court stay all proceedings as to the Withdrawing Plaintiffs until such time as a response from the U.S. State Department is received.

### I.   Permitting Voluntary Dismissal of the Withdrawing Plaintiffs' Claims Without Prejudice is Proper Pursuant to Rule 41(a)

Rule 41(a) permits a plaintiff to dismiss its claims, pursuant to court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Generally, the Court should allow the voluntary dismissal without prejudice under Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)).

The Second Circuit has identified the following as factors relevant to determining whether to permit dismissal without prejudice pursuant to Rule 42(a)(1): "(1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano*, 277 F.3d at 110. Each of these factors weighs in favor of granting the Withdrawing Plaintiffs' motion.

<u>First</u>, the Withdrawing Plaintiffs brought this motion swiftly on the heels of Magistrate Judge Pohorelsky's order, which he made on the record during a status conference on September 29, 2010, that lifted the stay on merits discovery that has been in place since December 2009. (For most of the period between the issuance of the 2007 Order and the filing of this motion, the case was stayed to permit settlement discussions to proceed.)

<u>Second</u>, the Withdrawing Plaintiffs are not bringing this motion to harass or annoy, but rather to comply with this Court's 2007 Order and to *limit* the discovery burden on all parties.

<u>Third</u>, despite the length of time this case has been pending, the litigation has not progressed substantially, since Defendants have not yet produced a single page of documents to Plaintiffs. (Plaintiffs have produced approximately 365,000 pages of documents to Defendants

that either directly support the allegations in the complaint or were gathered from the plaintiff liquor producers.)

Fourth, if the claims were revived in the future, there would be no need to relitigate issues, as the claims are being withdrawn prior to the point where substantial discovery has occurred. To the extent there has already been extensive motion practice in connection with Defendants' earlier efforts to dismiss the complaint and, more recently, the exchange of interrogatories limited to preservation issues, there has been no extra marginal effort required of Defendants on account of the fact that the Withdrawing Plaintiffs were included among the group of Plaintiffs. The litigation and discovery undertaken to date has not involved issues that are specific to only one plaintiff, as opposed to the entire group. Similarly, and for the same reason, when and if the Withdrawing Plaintiffs are permitted to revive their claims, Defendants would suffer little or no prejudice or burden because the documents and information required to prove Defendants' liability for plaintiffs' revived claims would be the same discovery already obtained by the remaining plaintiffs. The only possible additional discovery necessary at that point would be plaintiff-specific discovery related to Defendants' defenses.

Fifth, the Withdrawing Plaintiffs are requesting a dismissal without prejudice for the limited purpose of permitting the claims to be revived in the event the revenue rule is waived in this case. The Withdrawing Plaintiffs are not acting in any manner to gain a tactical advantage, but rather, seek only to comply with the 2007 Order while also preserving their ability to revive their claims if the impediment to their damages claims identified in the Court's 2007 Order is removed. This fifth factor, which is explained at greater length below, is what sets this case apart from most.

As the Court knows, the revenue rule is a long standing common law doctrine that bars

the courts of the United States from hearing disputes regarding a foreign sovereign's tax laws. *Colombia*, 531 F. Supp. 2d at 383 (citing *Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 109 (2d Cir. 2001)). Specifically, the revenue rule prevents claims that seek to directly or indirectly enforce foreign tax laws. *Id.* (citing *European Community v. RJR Nabisco, Inc.*, 355 F.3d 123, 131 (2d Cir. 2004)). Applying the revenue rule to this case, the Court held in the 2007 Order that the revenue rule bars three categories of claims: (i) claims seeking to recover damages from lost liquor taxes or monopoly participations; (ii) claims seeking to recover for harms suffered in a sovereign, as opposed to commercial, capacity; and (iii) claims for damages suffered in Plaintiffs' commercial capacity resulting from Defendants' tax evasion. *Colombia*, 531 F. Supp. 2d 365 at 391-92, 399

There is no dispute that the Withdrawing Plaintiffs have not exercised their monopoly right to produce or sell liquor. Indeed, Defendants previously sought dismissal of the claims of these very plaintiffs on precisely the grounds upon which the Withdrawing Plaintiffs now seek to dismiss their claims. The Withdrawing Plaintiffs, as all parties agree, have suffered no injury in their respective commercial capacities under the terms of the Court's ruling. Yet, despite the Court's ruling, the steps have not previously been taken to formally dismiss these claims from the case under appropriate terms.[2]

Without compensable damages, the Withdrawing Plaintiffs obviously cannot pursue their claims. For that reason, conducting discovery with respect to the claims of the Withdrawing Plaintiffs, or the specific defenses one or more defendants might assert as to a particular Withdrawing Plaintiff, is not necessary or sensible. Rather, before the parties go forward and incur expenses litigating with respect to plaintiffs the Court has determined have no damages, it

---

[2] The Court may recall that current counsel for Plaintiffs entered the case only at the end of January of this year.

makes sense to either dismiss or stay the action with respect to those plaintiffs unless and until such time as the revenue rule is waived.

This case is highly unusual in that the only reason the Withdrawing Plaintiffs have no compensable damages claims is that the application of a discretionary doctrine – the "revenue rule" – currently bars their claims, as opposed to an application of controlling law. Thus, in this case, unlike in the usual case, the grounds upon which the Court based this aspect of the 2007 Order may truly be shifting sands. For that reason, it is proper, fair, and reasonable to request that the parties be relieved of incurring the costs of prosecuting and defending the claims of the Withdrawing Plaintiffs, at least until such time as the revenue rule is waived in this case, if ever.

The Withdrawing Plaintiffs' currently understand that Defendants do not object to the dismissal of their claims – which makes sense, given that Defendants moved to dismiss these claims previously – but do object to the request that the dismissal be ordered "without prejudice." Given the specific and limited rationale supporting the request and the lack of prejudice to Defendants that would result, the Withdrawing Plaintiffs respectfully submit that it is appropriate and proper for the dismissal to be ordered without prejudice or, in the alternative, for the action to be stayed entirely as to these parties until such time as the revenue rule is waived, if ever.

### II. 28 U.S.C. § 517 Provides a Procedural Mechanism for the U.S. Government to Provide its Views to a Court Regarding the Application of the Revenue Rule to a Specific Case

The executive branch of the United States government may indicate its consent to having a United States Court preside over damage claims that would otherwise be barred by the revenue rule by issuing a statement of consent pursuant to 28 U.S.C. § 517. Accordingly, the Withdrawing Plaintiffs respectfully request that the Court ask the U.S. Department of State, the

office within the U.S. government primarily responsible for foreign relations, to submit to the Court the views of the United States regarding the application of the revenue rule to this case. There is ample precedent to support the Court's issuing a request, which would simply alert the U.S. State Department to the pendency of the action and provide it with the opportunity to express its views to the Court by a fixed date. *See, e.g.,Weixum v. Xilai*, 568 F. Supp. 2d. 35, 35 (D. D.C. 2008) (forwarding a letter to the Department of State seeking its views on the applicability of various doctrines to the jurisdiction of the Court to hear plaintiffs' case); *Vulcan Iron Works, Inc. v. Polish Am. Mach. Corp*, 479 F. Supp. 1060, 1065 (S.D.N.Y 1979) (requesting views of the Department of State regarding the interpretation of the Vienna Convention).

A proposed form of letter to the U.S. Department of State is respectfully submitted for the Court's convenience as Exhibit 1.

### III. The Second Circuit Has Recognized that the Revenue Rule is not an Absolute Bar and Can Be Waived by the Executive Branch of the U.S. Government

An expression of the executive branch's consent to the adjudication of the claims barred by the revenue rule under the Court's 2007 Order would act as an effective waiver of the rule. The revenue rule is a judicially created doctrine that today serves to effectuate general notions of comity among nations and among the respective branches of government. United States courts have been traditionally hesitant to adjudicate claims brought by foreign sovereigns that invoke their tax statutes because doing so may "embroil the courts in an evaluation of the foreign nation's social policies, an inquiry that can be embarrassing to that nation and damaging to the forum state." *European Community*, 355 F.3d at 131.

However, the Second Circuit has signaled its willingness to entertain claims brought by foreign sovereigns that implicate the revenue rule where the executive branch has explicitly indicated its consent to the court presiding over the claim. *See Canada* at 123 n.25 (citing

7

examples where courts have permitted cases to proceed based on executive consent).  Such evidence of executive consent can be made through the filing of an *amicus* brief by the State Department or even through the submission of a simple statement to the court.  *European Community*, 355 F.3d at 132.  *See also First Nat'l City Bank v. Banco Nacional de Cuba,* 406 U.S. 759, 768-70 (holding that where the branch of the government responsible for the conduct of foreign relations has advised the court that adjudication of a case will not frustrate such conduct, it would be wholly illogical to apply a rule based in the fear that adjudication of the case would interfere with the conduct of foreign relations).

Where the political branches of both sovereigns agree that a matter should be decided in the United States by a United States Court, the policy concerns governing the application of the revenue rule are completely mitigated.  Here, the relevant governments of Colombia have indicated their consent by filing suit in this Court.  If, in addition, the United States government indicates that the Court should waive the revenue rule, there would be no basis upon which the Court would have to consider itself compelled to invoke the revenue rule.

## **<u>CONCLUSION</u>**

Although a waiver of the revenue rule by the executive branch of the U.S. government would affect the damages claims of all Plaintiffs in this case, for the sake of utter clarity, the motion to dismiss certain claims relates solely to the Withdrawing Plaintiffs.  All Plaintiffs join in the motion asking the Court to seek guidance from the U.S. Department of State, but only the Withdrawing Plaintiffs seek to withdraw or stay any claims.  The remaining plaintiffs in the case – The Departments of Antioquia, Atlántico, Bolivar, Caldas, Caquetá, Chocó, Cundinamarca, Huila, Nariño, Santander, Tolima, and Valle del Cauca – are committed to proceeding quickly and efficiently (and finally) with merits discovery.

WHEREFORE, the Dismissing Plaintiffs respectfully request that the Court grant this motion, the relief requested herein, and such other and further relief as to the Court seems just and proper.

Dated: October 7, 2010
       Austin, Texas

Respectfully submitted,

 /s/ William T. Reid, IV
William T. Reid, IV (WR-2702)
wreid@rctlegal.com
Rachel S. Fleishman (RF-5080)
rfleishman@rctlegal.com
Gregory S. Schwegmann (GS-1639)
gschwegmann@rctlegal.com
REID COLLINS & TSAI LLP
30 Wall Street
New York, New York 10005
Tel: 212.344.5200
Fax: 212.344.5299

Blair C. Fensterstock (BF-2020)
bfensterstock@fensterstock.com
FENSTERSTOCK & PARTNERS LLP
30 Wall Street, 9th Floor
New York, New York 10005
Tel: 212.785.4100
Fax: 212.785.4040

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010, a true and correct copy of the foregoing documents was served on counsel of record by electronic mail and on lead counsel by overnight Federal Express, as follows:

| | |
|---|---|
| Samuel A. Danon, Esq.<br>◆ sdanon@hunton.com<br>Laurie Uustal Mathews, Esq.<br>◆ lmathews@hunton.com<br>Marty L. Steinberg, Esq.<br>◆ msteinberg@hunton.com<br>HUNTON & WILLIAMS LLP<br>1111 Brickell Avenue<br>Mellon Financial Center, Suite 2500<br>Miami, Florida 33131-1802<br>Tel.:  305.810.2500<br>Fax:  305.810.2460<br><br>Shawn Patrick Regan, Esq.<br>◆ sregan@hunton.com<br>HUNTON & WILLIAMS LLP<br>200 Park Avenue, 52nd Floor<br>New York, New York 10166<br>Tel:  212.309.1000<br>Fax:  212.309.1100<br><br>John W. Woods, Esq.<br>◆ jwoods@hunton.com<br>HUNTON & WILLIAMS LLP<br>1900 K Street NW<br>Washington, DC 20006<br>Tel:  202.955.1500<br>Fax:  202.778.2201 | ➢ Counsel for Defendants,<br>   DIAGEO NORTH AMERICA INC.,<br>   UNITED DISTILLERS MANUFACTURING, INC.,<br>   and SEAGRAM EXPORT SALES COMPANY, INC. |

| | |
|---|---|
| Philip L. Graham, Jr., Esq.<br>◆ grahamp@sullcrom.com<br>Sharon L. Nelles, Esq.<br>◆ nelless@sullcrom.com<br>Jordan T. Razza, Esq.<br>◆ razzaj@sullcrom.com<br>Qian A. Gao, Esq.<br>◆ gaoq@sullcrom.com<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004-2498<br>Tel.:  212.558.4000<br>Fax:  212.558.3588 | ➢ Counsel for Defendant,<br>DIAGEO PLC and<br>SEAGRAM EXPORT SALES COMPANY, INC. |
| Peter J. Kahn, Esq.<br>◆ pkahn@wc.com<br>Beth A. Levene, Esq.<br>◆ blevene@wc.com<br>Matthew L. Fore, Esq.<br>◆ mfore@wc.com<br>William P. Ashworth, Esq.<br>◆ washworth@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington, DC 20005-5901<br>Tel.:  202.434.5000<br>Fax:  202.434.5029 | ➢ Counsel for Defendants,<br>PERNOD-RICARD USA LLC and<br>PERNOD-RICARD S.A. |

/*s*/ William T. Reid, IV