

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

REPUBLIC OF COLOMBIA, acting on its
own behalf and on behalf of the departments it
has the power to represent, DEPARTMENT OF
ANTIOQUIA, DEPARTMENT OF ARAUCA,
DEPARTMENT OF CALDAS, DEPARTMENT
OF CHOCÓ, DEPARTMENT OF
CUNDINAMARCA, DEPARTMENT OF
PUTUMAYO, DEPARTMENT OF SANTANDER,
BOGOTÁ, Capital District, individually,
DEPARTMENT OF AMAZONAS, DEPARTMENT
OF ATLÁNTICO, DEPARTMENT OF
CAQUETÁ, DEPARTMENT OF CÓRDOBA,
DEPARTMENT OF GUAVIARE, DEPARTMENT
OF HUILA, DEPARTMENT OF SUCRE,
DEPARTMENT OF TOLIMA, DEPARTMENT OF
VALLE DEL CAUCA, DEPARTMENT OF VICHADA,
DEPARTMENT OF BOLIVAR, DEPARTMENT OF
NARIÑO, DEPARTMENT OF NORTE DE
SANTANDER, DEPARTMENT OF RISARALDA,
DEPARTMENT OF SAN ANDRES Y PROVIDENCIA,

                    Plaintiffs,

          -against-

DIAGEO NORTH AMERICA, INC.
formerly known as UDV NORTH AMERICA, INC.
formerly known as GUINNESS UDV NORTH AMERICA,
INC. formerly known as IDV NORTH AMERICA INC.
formerly known as HUEBLEIN, INC., UNITED
DISTILLERS MANUFACTURING INC., DIAGEO PLC,
SEAGRAM EXPORT SALES COMPANY INC.,
PERNOD RICARD USA LLC, and
PERNOD-RICARD S.A.,

                    Defendants,

BANK OF AMERICA, N.A.,

                    Objector.

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 3 0 2011 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

**04-CV-4372 (NGG) (VPP)**

-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Republic of Colombia, the Capital District of Bogotá, and the Departments of
Amazonas, Aracua, Córdoba, Guaviare, Norte de Santander, Putumayo, Risaralda, San Andres y
Providencia, Sucre, and Vichada (collectively "Withdrawing Plaintiffs") move pursuant to Rule
41(a)(2) of the Federal Rules of Civil Procedure for a court order dismissing without prejudice
their claims against a variety of liquor distillers and distributors ("Defendants"). (Docket Entry
# 273.) In the alternative, they request an order staying the proceedings as to them. For the
following reasons, the court converts the Withdrawing Plaintiffs' motion into a motion to dismiss
with prejudice. That motion is GRANTED.

A full account of the plaintiffs' claims can be found in an earlier memorandum and order
in this case, Republic of Colombia, v. Diageo North America, Inc., 531 F. Supp. 2d 365
(E.D.N.Y. 2007), wherein the court granted in part and denied in part Defendants' motion to
dismiss ("2007 Order"). The court assumes the parties' familiarity with the facts and procedural
history of this case and so, for the purposes of this order, it is enough to note that the plaintiffs
are Colombian governmental entities seeking compensation for revenue lost because of
Defendants' alleged participation in a vast money laundering and liquor smuggling conspiracy,
see id. at 376-380, but that the court held in its 2007 Order that the revenue rule bars any claims
based on lost taxes or costs associated with enforcing Colombian tax laws, see id. at 383, 399
n.11.

The Withdrawing Plaintiffs concede that they can no longer continue to prosecute this
action against Defendants because, in light of the 2007 Order, all of their claims are precluded by

2

the revenue rule. (Pls.' Mem. (Docket Entry # 274).)  They seek dismissal without prejudice, however, on the ground that the revenue rule is "discretionary" and may be "waived" by the United States Department of State.  (Id.)  The Withdrawing Plaintiffs ask the court to solicit such a waiver.  (Id.)  Defendants, on the other hand, maintain that the revenue rule is not discretionary, and assert that the Withdrawing Plaintiffs' motion, which comes over three years after the court issued its 2007 Order, is simply an effort to escape from various adverse discovery rulings while preserving an option to begin litigating anew under more favorable circumstances.  (Defs.' Mem. (Docket Entry # 275).)  They argue that the claims should be dismissed with prejudice, or, in the alternative, that non-prejudicial dismissal be conditioned on the Withdrawing Plaintiffs providing discovery.  (Id.)

Court-ordered dismissals under Rule 41(a)(2) are left to the court's discretion.  See Cantanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001); see also Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (emphasis added)).  In exercising such discretion, it is important to consider the prejudicial effect such an order may have on defendants.  See Cantanzano, 277 F.3d at 109. The Second Circuit has developed a non-exhaustive list of factors that bear on whether a defendant would be harmed by a Rule 41(a)(2) dismissal without prejudice.  They are:

> (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense and preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss.

Id. at 109-10 (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)) (internal quotation marks omitted).  Some, if not most, of these factors are influenced by the probable

3

merit of the claims that a plaintiff is seeking to withdraw. Where a defendant has cast substantial doubt on the validity of a plaintiff's claims or where such claims are dubious on their face, the prospect of relitigation offers little value but threatens much cost.

In this case, granting the Withdrawing Plaintiffs' motion would do almost nothing to improve the Withdrawing Plaintiffs' ultimate chances of success, but might impose a substantial burden on Defendants. The claims in question have <u>already</u> been dismissed as a matter of law,[1] <u>see</u> Diageo N.A., Inc., 531 F. Supp. 2d at 399 n.11, and the Withdrawing Plaintiffs' only hope for resuscitating them rests on untested legal theories and unlikely factual developments. On the other hand, a dismissal without prejudice could require Defendants to litigate issues that are nearly identical to those on which they have already prevailed.

The fact that the revenue rule is not absolute does not mean that the Withdrawing Plaintiffs' claims are likely to become viable anytime in the future. It is true that the political branches can under certain circumstances consent to the adjudication of foreign tax claims notwithstanding the revenue rule, <u>see</u> European Community v. RJR Nabisco, Inc., 355 F.3d 123, 131-32 (2d Cir. 2004), <u>vacated and remanded</u>, 544 U.S. 1012 (2005), <u>reinstated on remand</u>, 424 F.3d 175 (2d Cir. 2005), <u>cert. denied</u>, 546 U.S. 1092 (2006). But such consent has only been recognized "where the Untied States itself institutes a prosecution designed to punish those who have defrauded foreign governments of tax revenues, or where treaties between the United States and the sovereigns at issue provide for broad, reciprocal tax enforcement assistance." <u>Id.</u> at 132.

---

[1] The only reason why the Withdrawing Plaintiffs' claims were not expressly dismissed following the 2007 Order was that there were arguably questions of fact about what type of claims—commercial or sovereign—the Withdrawing Plaintiffs possessed. Now that the Withdrawing Plaintiffs have conceded that they have no viable claims, they must be dismissed from the action. The only issue is whether such dismissal should be with or without prejudice.

4

Such governmental acts occur before an action is brought and are fundamentally different in nature than what is contemplated by the Withdrawing Plaintiffs—namely, a letter from the State Department. While the Second Circuit has suggested that the executive branch "might indicate its consent to the suit by other means, such as submitting a statement from the State Department or filing an amicus brief," id. (emphasis added), the Withdrawing Plaintiffs do not cite to any case where this has occurred. Moreover, even assuming that such a statement or brief would "waive" the revenue rule, it is not clear that such a waiver would be effective at all points in the litigation—for example, where, as here, the plaintiffs's claims had already been dismissed. The likelihood of even reaching these legal questions, however, is exceedingly remote. The plaintiffs here filed their first complaint almost seven years ago. (See Docket Entry # 1.) One of them, the Republic of Colombia, has direct access to the State Department and could have solicited from it an amicus brief or statement at any time.[2] Given that, after seven years, the State Department has declined to offer its opinion in this case, the court finds it unlikely that it will do so in the future. Finally, if the State Department's silence were enough to prevent a court from dismissing revenue-rule-barred claims with prejudice, either the State Department would be effectively required to participate in every case involving such claims, or some portion of all claims pending in federal court would be never fully resolved.

What is more—and ultimately most important for the purposes of a Rule 41(a)(2)

---

[2] The revenue rule issues related to this case are not markedly different from those found in similar cases. Were the court to solicit the State Department's views on the application of the revenue rule here, it would have no principled reason for not doing so in future cases. The court declines to start down this path, and, accordingly, will not contact the State Department as requested by the Withdrawing Plaintiffs.

5

motion—dismissal of the Withdrawing Plaintiffs' claims without prejudice could harm
Defendants. As noted above, this case began in 2004 and substantial motion practice and some
discovery has already occurred at no doubt great expense to and effort by Defendants. In the
unlikely event that the Withdrawing Plaintiffs' were able to successfully revive their claims, at
least some of this work would need to be done again. Further, the Defendants have expressed
concern about spoliation of evidence. (Defs.' Mem. 11-20.) They would be clearly prejudiced if
the Withdrawing Plaintiffs were allowed to withdraw their claims without preserving
discoverable material relevant to Defendants' defense. Yet, to keep the Withdrawing Plaintiffs
involved in discovery when they have such slim odds of reviving their claims would be
burdensome to all parties and to the court.

The court therefore does not grant the Withdrawing Plaintiffs' motion to dismiss without
prejudice; it instead converts the motion into a motion to dismiss with prejudice and grants that
motion. In Gravatt v. Columbia University, 845 F.2d 54, 56 (2d Cir. 1988), the Second Circuit
recognized that such a maneuver is permissible under Rule 41(a)(2), but it cautioned that moving
plaintiffs should be given the option of withdrawing their motions and continuing to litigate.
Although the Circuit stated in Gravatt that "a plaintiff must be afforded the opportunity to
withdraw his motion," id. (emphasis added), the court does not read this rule as applying in all
cases. Gravatt involved completely unlitigated claims. See id. at 55. The Circuit expressly
distinguished the facts in Gravatt from those in two earlier cases where the plaintiffs had already
litigated their claims prior to moving for non-prejudicial dismissal under Rule 41(a)(2). See id.
at 56 n.2 (discussing Wakefield v. Northern Telecom, Inc., 769 F.2d 109 (2d Cir. 1985) and
Grass v. Citibank, N.A., 90 F.R.D. 79 (S.D.N.Y. 1979)). In those cases, the plaintiffs' motions to

6

dismiss without prejudice were converted—or, in the court of appeals case, should have been converted—into motions to dismiss with prejudice, to be granted immediately. In the words of Judge Winter, "[r]easons of judicial economy alone would appear to dictate that one full and fair attempt to prove [a] claim is enough." Wakefield, 769 F.2d at 114. The same reasoning applies here. Under the 2007 Order, all of the Withdrawing Plaintiffs' claims must be dismissed, and, as resolved above, the court will not grant such a dismissal without prejudice. It therefore makes no sense for the court to allow the Withdrawing Plaintiffs the option of continuing in this action, when Defendants could at any time successfully move to dismiss them based on these two orders. Such a course of action would elevate form over substance, cost both parties more legal fees, and waste the court's time.

Accordingly, the Withdrawing Plaintiffs' Rule 41(a)(2) motion for dismissal without prejudice is converted into a motion for dismissal with prejudice and that motion is GRANTED.

SO ORDERED.


Dated: Brooklyn, New York
     September 30, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge